THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| KELLY SMITH | * | CIVIL ACTION NO. 06-0956 |
| Versus | * | JUDGE JAMES |
| ROSS DRESS FOR LESS, INC., ET AL | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiff, Kelly Smith ("Smith") (Doc. #12). After an extensive review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is improper, and Plaintiff's Motion to Remand is **GRANTED.**

## STATEMENT OF FACTS

Plaintiff filed suit against defendants on May 4, 2006, in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, seeking damages for injuries allegedly sustained in a slip and fall accident at the Ross Dress for Less store on November 17, 2005.

On June 7, 2006, Defendants removed the case to this Court, basing jurisdiction on claims that the amount in controversy exceeded the federal jurisdictional amount and that there was complete diversity of citizenship because Defendants, Monique D. Brumfield ("Brumfield")

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

and Clara Williams ("Williams"), had been fraudulently joined. Plaintiff filed the instant motion claiming that there is no diversity of citizenship, that removal was premature, and that the amount in controversy does not exceed the federal jurisdictional amount. Defendants oppose the motion.

## **LAW AND ANALYSIS**

Subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998). When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any jurisdictional determination is based on the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

<u>Improper Joinder</u>

Defendants argue that Brumfield and Williams were improperly joined as defendants in order to defeat diversity jurisdiction.

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete

diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has recently adopted the term "improper joinder" to describe the doctrine, though it took care to note that there is no substantive difference between the two terms. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004) (*en banc*).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendants. *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" determination may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant

3

is proper. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstances to pierce the pleadings and analyze the improper joinder claim based on that evidence. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

On the date of the accident, Brumfield was the manager of the Ross store in Monroe and Williams was an area supervisor for Ross. Smith alleges that Brumfield and Williams, while acting within the course and scope of their employment, were negligent in

    A.    Failing to properly maintain walkways;

    B.    Failing to have adequate warning signs of debris in walkway;

    C.    Failing to do all things necessary and proper to avoid an accident such as this one;

    D.    Failing to instruct the store employees;

    E.    Failing to train store employees; and

    F.    Failing to follow up with store employees.

(Plaintiff's Amended Petition, Doc. #2 - pg. 2).

In Louisiana, Courts use a four-part test to determine whether an individual employee working in the course and scope of her employment can be held liable for a patron's injury. *See Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). The Court must find that

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
> 2. This duty is delegated by the principal or employer to the defendant.
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. ...
> 4. With regard to the personal ... fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative

> responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721.

The original petition in this matter fails to allege a cause of action against the non-diverse managers. In addition, the unrefuted affidavits of Monique Brumfield and Clara Williams show that neither had a personal duty to the plaintiff which could have been breached. The two non-divers defendants were clearly joined in this action in order to defeat diversity jurisdiction. Such joinder is improper, and remand on the basis of lack of diversity of citizenship is therefore also improper.

Amount in Controversy

As for the amount in controversy, the complaint clearly does not support jurisdictional amount on its face. The allegations of injury are general and non-specific and are simply not sufficient to allow the undersigned to discern the actual extent and seriousness of the injuries. In addition, a review of the medical records supplied by the defendant in opposition to the motion to remand do not support a claim that the amount in controversy in these proceedings exceeds $75,00.00. The MRI reports showed minimal bulges in the cervical and lumbar areas; there is no indication that surgery will be needed; and there is no proof that anything but conservative treatment will be necessary or that the plaintiff will suffer from any permanent injury. Therefore, the undersigned finds that the defendant has not met its burden of proving that the amount in controversy exceeds $75,000.00. Should additional information become available to allow the

5

defendant to establish that amount in controversy does exist, then removal would be proper at that time. At this time, however, the plaintiff's motion to remand is **GRANTED and this case remanded to the Fourth Judicial District Court, Ouachita Parish, Louisiana, for further proceedings. Remand of this matter is to be STAYED for 15 days in order to allow the parties an opportunity to appeal this decision. Should no appeal be filed within the applicable delays, this matter is to be remanded forthwith.**

      **THUS DONE AND SIGNED** this 13th Day of December, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE